**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ELECTRICPROTECT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHONGSHAN KAPER ELECTRICAL CO., LTD. AND ZHONGSHAN LIANCHANG CO., LTD.,<br><br>Defendants. | CASE NO.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ELECTRICPROTECT CORPORATION ("ElectricProtect" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Zhongshan Kaper Electrical Co., Ltd. ("Zhongshan Kaper") and Zhongshan Lianchang Co., Ltd. also known as United International Co., Ltd. ("Zhongshan Lianchang") (collectively "Defendants") regarding U.S. Patent Nos. 10,557,883 ("the '883 patent"), 10,886,724 ("the '724 patent"), 11,480,628 ("the '628 patent"), and 11,243,265 ("the '265 patent") ("the Asserted Patents").

**PARTIES**

1. Plaintiff ElectricProtect Corporation is a corporation organized and existing under the laws of the State of Florida, having a place of business at 2748 US 1 South, St Augustine, FL 32086. Plaintiff is the assignee and sole owner of the Asserted Patents and has the right to enforce (including for past infringement) each of the Asserted Patents and to collect damages for any infringement thereof.

2. Defendant Zhongshan Kaper is a company organized and existing under the laws of China. It has a principal place of business located at No.68 Boxiang Street, Dongfeng Town,

Zhongshan City, Guangdong, China.

3. Defendant Zhongshan Lianchang is a company organized and existing under the laws of China. It has a principal place of business located at Factory house B, Changmingshui Industrial Park, No. 23 Changyi Road, Wuguishan, Zhongshan City, Guangdong Province, China 528458.

4. Defendants are properly joined under 35 U.S.C. § 299(a) because Defendants, through their own acts and/or through the acts of each other Defendant acting as its representative, alter ego, or agent, make, use, sell, and/or offer to sell in, and/or import into the United States the same or similar accused LCDI (Leakage Current Detector and Interrupter) power leakage detection products for use in the same or similar air conditioners, such that questions of fact will arise that are common to all Defendants.

## JURISDICTION AND VENUE

5. This is an action for infringement of United States patents under 35 U.S.C. §§ 100, et seq. Subject matter jurisdiction is conferred to this Court over patent infringement actions under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent jurisdiction).

6. Defendants are subject to this Court's specific personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, by virtue of having directly or through Defendants' agents induced its direct and indirect customers to commit acts of infringement in this District.

7. On information and belief, this Court also has personal jurisdiction over the Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because certain of Plaintiff's injuries occurred in the State of Texas and the claims for relief possessed by Plaintiff against Defendants for such injury arose in the State of Texas. On information and belief, Defendants have purposely availed themselves of the privileges of conducting business within the State of Texas, such business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposely and voluntarily placing one or more infringing

products into the stream of commerce through established distribution channels with the expectation, knowledge, and intent that those products be sold throughout the United States, including the State of Texas and this District; and (iii) regularly transacting or soliciting business, engaging in other persistent courses of conduct, or deriving or attempting to derive substantial revenue and financial benefits from goods and services provided to individuals in the State of Texas and in this District. Thus, Defendants are subject to the Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.

8. Defendants directly and/or through Defendants' agents have advertised (including through websites), and induced others to offer to sell, sell and/or distribute products made by Plaintiff's patented processes in this District. Further, Defendants directly and/or through their agents, have purposefully and voluntarily placed such products in the stream of commerce knowing and expecting them to be purchased and used by consumers in Texas and in this District.

9. Further, on information and belief, this Court also has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2).

10. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and therefore may be sued in any district, including this District.

## BACKGROUND FACTS

11. Plaintiff is the owner of the entire right, title, and interest in the Asserted Patents. The Asserted Patents are directed to leakage current detection and protection devices for power cords.

## U.S. Patent No. 10,557,883

12. U.S. Patent No. 10,557,883 ("the '883 patent") is entitled "Leakage Current Detection and Protection Device for Power Cord," and was issued by the U.S. Patent and Trademark Office

(the "USPTO") to inventors Chengli Li and Shengyun Nie on February 11, 2020. A copy of the '883 patent is attached to this complaint as Exhibit A.

13. The USPTO's publicly accessible patent assignment records indicate that inventor Shengyun Nie assigned his entire right, title, and interest in the '883 patent to Chengli Li (reel 043729; frame 0357), who assigned his entire right, title and interest to ElectricProtect (reel 067480; frame 0380). As a result, ElectricProtect owns the entire right, title, and interest in the '883 patent.

14. The '883 patent's claims are directed to patent-eligible subject matter, and the '883 patent is valid and enforceable.

15. Defendants do not have an express or implied license to practice the '883 patent.

16. The '883 patent is directed generally to a power cord leakage current detection and protection device. *See* Exhibit A at 1 (Abstract).

17. Claim 6 of the '883 patent recites:

> 6. A power cord leakage current detection and protection device, comprising:
>
> a switch unit, configured to control electrical connection between an input end and an output end of the device;
>
> a leakage current protection unit, which includes a switch drive module and a leakage current detection module, the switch drive module configured to control the switch unit based on a leakage current signal detected by the leakage current detection module, wherein the leakage current detection module includes:
>
>> a leakage current detection line, configured to detect whether a leakage current is present on a first power supply line and/or a second power supply line; and
>
> an open circuit detection unit, which includes a first detection module and a second detection module, wherein the leakage current detection line is coupled via the first detection module to one of the first power supply line and the second power supply line, and the second detection module is coupled to another one of the first power supply line and the second power supply line;

**COMPLAINT FOR PATENT INFRINGEMENT - Page 4**

>wherein at least the first detection module and the leakage current protection unit form a test current loop, the test current loop configured to cause the switch drive module to control the switch unit to disconnect the electrical connection when the first detection module and/or the leakage current detection line has an open circuit.

Exhibit A, 8:62-9:21.

### U.S. Patent No. 10,886,724

18. U.S. Patent No. 10,886,724 ("the '724 patent") is entitled "Leakage Current Detection and Interruption Device for Power Cord," and was issued by the U.S. Patent and Trademark Office (the "USPTO") to inventors Chengli Li, Shengyun Nie, and Yongsen Li on January 5, 2021. A copy of the '724 patent is attached to this complaint as Exhibit B.

19. The USPTO's publicly accessible patent assignment records indicate that inventors Shengyun Nie and Yongsen Li assigned their entire right, title, and interest in the '724 patent to Chengli Li (reel 049187; frame 0144), who assigned his entire right, title and interest to ElectricProtect (reel 067480; frame 0380). As a result, ElectricProtect owns the entire right, title, and interest in the '724 patent.

20. The '724 patent's claims are directed to patent-eligible subject matter, and the '724 patent is valid and enforceable.

21. Defendants do not have an express or implied license to practice the '724 patent.

22. The '724 patent is directed generally to a power cord leakage current detection and protection device. *See* Exhibit B at 1 (Abstract).

23. Claim 1 of the '724 patent recites:

>1. A power cord with an leakage current detection and interruption device, comprising:
>
>a first power supply line and a second power supply line;
>
>a switch unit, configured to control an electrical connection of the first and second power supply lines between an input end and an

output end; and

a leakage current protection unit, which includes a switch drive module and a leakage current detection module, wherein the leakage current detection module includes a first leakage current detection line and a second leakage current detection line coupled in series to form a current path from a first point of the first leakage current detection line to a second point of the first leakage current detection line, then to a second point of the second leakage current detection line, and then to a first point of the second leakage current detection line, wherein the first point of the first leakage current detection line is coupled to the first power supply line, and wherein the first point and second point of the first leakage current detection line are spaced apart along the first leakage current detection line and the first point and second point of the second leakage current detection line are spaced apart along the second leakage current detection line;

wherein the first points of the first and second leakage current detection lines are closer to the input end than the second points of the first and second leakage current detection lines and the second points of the first and second leakage current detection lines are closer to the output end than the first points of the first and second leakage current detection lines;

wherein the switch drive module is configured to control the switch unit based on a leakage current signal generated by the leakage current detection module to disconnect the electrical connection.

Exhibit B, 5:44-6:11.

## U.S. Patent No. 11,243,265

24. U.S. Patent No. 11,243,265 ("the '265 patent") is entitled "Intelligent Leakage Current Detection and Interruption Device for Power Cord," and was issued by the U.S. Patent and Trademark Office (the "USPTO") to inventors Chengli Li and Shengyun Nie on February 8, 2022. A copy of the '265 patent is attached to this complaint as Exhibit C.

25. The USPTO's publicly accessible patent assignment records indicate that inventor Shengyun Nie assigned his entire right, title, and interest in the '265 patent to Chengli Li (reel 053661; frame 0867), who assigned his entire right, title and interest to ElectricProtect (reel 067480; frame

0380).   As a result, ElectricProtect owns the entire right, title, and interest in the '265 patent.

26. The '265 patent's claims are directed to patent-eligible subject matter, and the '265 patent is valid and enforceable.

27. Defendants do not have an express or implied license to practice the '265 patent.

28. The '265 patent is directed generally to an intelligent leakage current detection and interruption device for a power cord. *See* Exhibit C at 1 (Abstract).

29. Claim 1 of the '265 patent recites:

> 1. An intelligent leakage current detection and interruption device for a power cord, comprising:
>
> a first power line and a second power line, each having a power input end and a power output end;
>
> a switch module, configured to control an electrical connection of the first and second power lines between the power input end and the power output end;
>
> a leakage current detection module, including a first leakage current detection line and a second leakage current detection line coupled in series to form a current path from a first point of the first leakage current detection line to a second point of the first leakage current detection line, then to a second point of the second leakage current detection line, and then to a first point of the second leakage current detection line, wherein the first point and second point of the first leakage current detection line are spaced apart along the first leakage current detection line and the first point and second point of the second leakage current detection line are spaced apart along the second leakage current detection line, and wherein the first and second leakage current detection lines are configured to detect whether a leakage current is present on the first power line or the second power line;
>
> a detection monitoring module, coupled in series to the first and second leakage current detection lines and to the first and second power lines, and configured to detect whether an open circuit condition is present in the first or second leakage current detection line; and
>
> a drive module, coupled to the switch module, the leakage current detection module and the detection monitoring module, and

> configured to drive the switch module to cut off power to the power output end in response to any detected leakage current or open circuit condition.

Exhibit C, 11:46-12:12.

## U.S. Patent No. 11,480,628

30. U.S. Patent No. 11,480,628 ("the '628 patent") is entitled "Power Cord for Use with a Leakage Current Detection and Interruption Device," and was issued by the U.S. Patent and Trademark Office (the "USPTO") to inventors Chengli Li and Shengyun Nie on October 25, 2022. A copy of the '628 patent is attached to this complaint as Exhibit D.

31. The USPTO's publicly accessible patent assignment records indicate that inventor Shengyun Nie assigned his entire right, title, and interest in the '628 patent to Chengli Li (reel 056021; frame 0257), who assigned his entire right, title and interest to ElectricProtect (reel 067480; frame 0380). As a result, ElectricProtect owns the entire right, title, and interest in the '628 patent.

32. The '628 patent's claims are directed to patent-eligible subject matter, and the '628 patent is valid and enforceable.

33. Defendants do not have an express or implied license to practice the '628 patent.

34. The '628 patent is directed generally to a power supply cord for use with a leakage current detection and interruption device. *See* Exhibit D at 1 (Abstract).

35. Claim 1 of the '628 patent recites:

> 1. A power supply cord for use with a leakage current detection and interruption device, comprising:
>
> at least two power supply lines;
>
> at least two insulating layers respectively covering the at least two power supply lines;
>
> at least two leakage current detection lines respectively disposed around the at least two insulating layers,

**COMPLAINT FOR PATENT INFRINGEMENT** - Page 8

>wherein the at least two leakage current detection lines include a first leakage current detection line and a second leakage current detection line each having a first end and a second end, wherein the second end of the first leakage current detection line is electrically coupled to the second end or the second leakage current detection line, and the first and second leakage current detection lines are coupled in series to form a current path from the first end of the first leakage current detection line to the second end of the first leakage current detection line to the second end of the second leakage current detection line to the first end of the second leakage current detection line; and
>
>at least one insulating structure covering at least one of the at least two leakage current detection lines to electrically insulate the at least two leakage current detection lines from each other.

Exhibit D, 10:32-55.

## PATENT INFRINGEMENT

36. Defendants make, use, sell, and/or offer for sell in, and/or import into, the United States air conditioners that include a power supply cord for use with a leakage current detection and interruption device that infringe one or more claims of the Asserted Patents.

37. On information and belief, Defendant Zhongshan Kaper manufactures and sells power supply cords for use with a leakage current detection and interruption device, including but not limited to at least the following: KP-LC10, KP-LC13, and KP-LC15 (collectively, the "Infringing Power Cords"). Defendant Zhongshan Kaper's Infringing Power Cords are designed and certified for the UL standard for the United States.

38. On information and belief, Defendant Zhongshan Kaper sells the Infringing Power Cords to Defendant Zhongshan Lianchang, which incorporates the Infringing Power Cords into certain air conditioners intended for the United States (collectively "Infringing Air Conditioners"). Defendant Zhongshan Lianchang's Infringing Air Conditioners are designed and certified for trade names, such as Tripp Lite, which are used by Tripp Lite to sell air conditioners for the Unites States.

39. On information and belief, Defendant Zhongshan Kaper supplies the Infringing Power Cords to at least Defendant Zhongshan Lianchang that incorporates the Infringing Power Cords into the Infringing Air Conditioners sold throughout the United States, including the State of Texas and this District.

40. Defendant Zhongshan Kaper knowingly makes, uses, offers for sell, and sells Infringing Power Cords to air conditioner manufacturers that incorporate the Infringing Power Cords into Infringing Air Conditioners that are sold throughout the United States.

41. Defendant Zhongshan Lianchang knowingly makes, uses, offers for sale, sells, and incorporates Defendant Kaper's Infringing Power Cords into Infringing Air Conditioners that are sold throughout the United States.

### COUNT I – Infringement of U.S. Patent No. 10,577,883

42. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

43. The Infringing Power Cords manufactured by Defendant Zhongshan Kaper have been placed in the stream of commerce into the United States by Zhongshan Lianchang through its Infringing Air Conditioners and have been imported into and used, sold, and offered for sale in the United States. Such Infringing Air Conditioners with Infringing Power Cords infringe at least claim 6 of the '883 patent under section 271(a) for the reasons set forth in Exhibit E, attached hereto and incorporated herein by reference.

44. On information and belief, the Infringing Power Cords imported into and sold in the United States were manufactured by Defendant Zhongshan Kaper, which fulfilled orders from Zhongshan Lianchang, which Zhongshan Lianchang negotiated with companies such as Tripp Lite for the United States.

45. Defendant Zhongshan Kaper has known of the '883 patent since at least the filing of this Complaint.

**COMPLAINT FOR PATENT INFRINGEMENT** - Page 10

46. Defendant Zhongshan Lianchang has known of the '883 patent since at least the filing of this Complaint.

47. Defendants have actively induced and continue to induce infringement by U.S. customers (*e.g.*, Tripp Lite) to import into the United States and use, sell and/or offer to sell Defendants' Infringing Air Conditioners with Infringing Power Cords, knowing that the Infringing Air Conditioners with Infringing Power Cords are covered by the claims of the '883 patent, with specific intent to encourage infringement by such customers.

48. Defendants are aware and intended that a significant amount of the Infringing Air Conditioners with Infringing Power Cords were eventually sold in the United States by U.S. customers (*e.g.*, Tripp Lite).

49. Defendants actively encourage sellers in the United States of Infringing Air Conditioners with Infringing Power Cords to advertise the benefits of the Infringing Power Cords in their offers to sell Infringing Air Conditioners with Infringing Power Cords in the United States. For example:



(https://www.amazon.com/dp/B002XITVCK.)

50. Plaintiff is entitled to a judgment that Defendants induced their customers to offer for sale, sell, import, and/or use Infringing Air Conditioners with Infringing Power Cords that infringe at

**COMPLAINT FOR PATENT INFRINGEMENT - Page 11**

least claim 6 of the '883 patent.

51.     Defendant Zhongshan Lianchang offered to sell and/or sold within the United States Infringing Air Conditioners with Infringing Power Cords that practiced one or more claims of the '883 patent.

52.     Plaintiff is entitled to damages not less than a reasonable royalty for Defendants' infringement of one or more claims of the '883 patent.

### COUNT II – Infringement of U.S. Patent No. 10,886,724

53.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

54.     The Infringing Power Cords manufactured by Defendant Zhongshan Kaper have been placed in the stream of commerce into the United States by Zhongshan Lianchang through its Infringing Air Conditioners and have been imported into and user, sold, and offered for sale in the United States.  Such Infringing Air Conditioners with Infringing Power Cords infringe at least claim 1 of the '724 patent under section 271(a) for the reasons set forth in Exhibit F, attached hereto and incorporated herein by reference.

55.     On information and belief, the Infringing Power Cords imported into and sold in the United States were manufactured by Defendant Zhongshan Kaper, which fulfilled orders from Zhongshan Lianchang, which Zhongshan Lianchang negotiated with companies such as Tripp Lite for the United States.

56.     Defendant Zhongshan Kaper has known of the '724 patent since at least the filing of this Complaint.

57.     Defendant Zhongshan Lianchang has known of the '724 patent since at least the filing of this Complaint.

58.     Defendants have actively induced and continue to induce infringement by U.S. customers (*e.g.*, Tripp Lite) to import into the United States and use, sell and/or offer to sell

Defendants' Infringing Air Conditioners with Infringing Power Cords, knowing that the Infringing Air Conditioners with Infringing Power Cords are covered by the claims of the '724 patent, with specific intent to encourage infringement by such customers.

59. Defendants are aware and intended that a significant amount of the Infringing Air Conditioners with Infringing Power Cords were eventually sold in the United States by U.S. customers (*e.g.*, Tripp Lite).

60. Defendants actively encourage sellers in the United States of Infringing Air Conditioners with Infringing Power Cords to advertise the benefits of the Infringing Power Cords in their offers to sell Infringing Air Conditioners with Infringing Power Cords in the United States. For example:



(https://www.amazon.com/dp/B002XITVCK.)

61. Plaintiff is entitled to a judgment that Defendants induced their customers to offer for sale, sell, import, and/or use Infringing Air Conditioners with Infringing Power Cords that infringe at least claim 1 of the '724 patent.

62. Defendant Zhongshan Lianchang offered to sell and/or sold within the United States Infringing Air Conditioners with Infringing Power Cords that practiced one or more claims of the '724 patent.

**COMPLAINT FOR PATENT INFRINGEMENT** - Page 13

63. Plaintiff is entitled to damages not less than a reasonable royalty for Defendants' infringement of one or more claims of the '724 patent.

## COUNT III – Infringement of U.S. Patent No. 11,243,265

64. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

65. The Infringing Power Cords manufactured by Defendant Zhongshan Kaper have been placed in the stream of commerce into the United States by Zhongshan Lianchang through its Infringing Air Conditioners and have been imported into and used, sold, and offered for sale in the United States. Such Infringing Air Conditioners with Infringing Power Cords infringe at least claim 1 of the '265 patent under section 271(a) for the reasons set forth in Exhibit G, attached hereto and incorporated herein by reference.

66. On information and belief, the Infringing Power Cords imported into and sold in the United States were manufactured by Defendant Zhongshan Kaper, which fulfilled orders from Zhongshan Lianchang, which Zhongshan Lianchang negotiated with companies such as Tripp Lite for the United States.

67. Defendant Zhongshan Kaper has known of the '265 patent since at least the filing of this Complaint.

68. Defendant Zhongshan Lianchang has known of the '265 patent since at least the filing of this Complaint.

69. Defendants have actively induced and continue to induce infringement by U.S. customers (*e.g.*, Tripp Lite) to import into the United States and use, sell and/or offer to sell Defendants' Infringing Air Conditioners with Infringing Power Cords, knowing that the Infringing Air Conditioners with Infringing Power Cords are covered by the claims of the '265 patent, with specific intent to encourage infringement by such customers.

70. Defendants are aware and intended that a significant amount of the Infringing Air

Conditioners with Infringing Power Cords were eventually sold in the United States by U.S. customers (*e.g.*, Tripp Lite).

71. Defendants actively encourage sellers in the United States of Infringing Air Conditioners with Infringing Power Cords to advertise the benefits of the Infringing Power Cords in their offers to sell Infringing Air Conditioners with Infringing Power Cords in the United States. For example:



(https://www.amazon.com/dp/B002XITVCK.)

72. Plaintiff is entitled to a judgment that Defendants induced their customers to offer for sale, sell, import, and/or use Infringing Air Conditioners with Infringing Power Cords that infringe at least claim 1 of the '265 patent.

73. Defendant Zhongshan Lianchang offered to sell and/or sold within the United States Infringing Air Conditioners with Infringing Power Cords that practiced one or more claims of the '265 patent.

74. Plaintiff is entitled to damages not less than a reasonable royalty for Defendants' infringement of one or more claims of the '265 patent.

### COUNT IV – Infringement of U.S. Patent No. 11,480,628

75. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

76. The Infringing Power Cords manufactured by Defendant Zhongshan Kaper have been placed in the stream of commerce into the United States by Zhongshan Lianchang through its Infringing Air Conditioners and have been imported into and used, sold, and offered for sale in the United States. Such Infringing Air Conditioners with Infringing Power Cords infringe at least claim 1 of the '628 patent under section 271(a) for the reasons set forth in Exhibit H, attached hereto and incorporated herein by reference.

77. On information and belief, the Infringing Power Cords imported into and sold in the United States were manufactured by Defendant Zhongshan Kaper, which fulfilled orders from Zhongshan Lianchang, which Zhongshan Lianchang negotiated with companies such as Tripp Lite for the United States.

78. Defendant Zhongshan Kaper has known of the '628 patent since at least the filing of this Complaint.

79. Defendant Zhongshan Lianchang has known of the '628 patent since at least the filing of this Complaint.

80. Defendants have actively induced and continue to induce infringement by U.S. customers (*e.g.*, Tripp Lite) to import into the United States and use, sell and/or offer to sell Defendants' Infringing Air Conditioners with Infringing Power Cords, knowing that the Infringing Air Conditioners with Infringing Power Cords are covered by the claims of the '628 patent, with specific intent to encourage infringement by such customers.

81. Defendants are aware and intended that a significant amount of the Infringing Air Conditioners with Infringing Power Cords were eventually sold in the United States by U.S. customers (*e.g.*, Tripp Lite).

82. Defendants actively encourage sellers in the United States of Infringing Air Conditioners with Infringing Power Cords to advertise the benefits of the Infringing Power Cords in

their offers to sell Infringing Air Conditioners with Infringing Power Cords in the United States. For example:



(https://www.amazon.com/dp/B002XITVCK.)

83. Plaintiff is entitled to a judgment that Defendants induced their customers to offer for sale, sell, import, and/or use Infringing Air Conditioners with Infringing Power Cords that infringe at least claim 1 of the '628 patent.

84. Defendant Zhongshan Lianchang offered to sell and/or sold within the United States Infringing Air Conditioners with Infringing Power Cords that practiced one or more claims of the '628 patent.

85. Plaintiff is entitled to damages not less than a reasonable royalty for Defendants' infringement of one or more claims of the '628 patent.

## DEMAND FOR JURY TRIAL

86. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully requests a trial by jury on all issues triable by a jury.

## REQUEST FOR RELIEF

For all these reasons, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

**COMPLAINT FOR PATENT INFRINGEMENT - Page 17**

      a.      Judgment that one or more claims of the Asserted Patents have been infringed and continue to be infringed by Defendants;

      b.      Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

      c.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

      d.      That the Court declare this an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

      e.      That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing the Asserted Patents; and

      f.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Date: July 18, 2024										Respectfully submitted,

*/s/ Jason Laing Xu (w/ permission)*
<u>Joshua R. Thane</u>
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jthane@haltomdoan.com

Jason Liang Xu
RIMON P.C.
1050 Connecticut Ave NW, Suite 500
Washington, D.C. 20036
Telephone: (202) 470-2141
Email: jason.xu@rimonlaw.com

John Handy
RIMON P.C.
1765 Greensboro Station Place
Tower I Suite 900
McLean, Virginia 22102
Telephone: (703) 559-7360
Email: john.handy@rimonlaw.com

*Attorneys for Plaintiff ElectricProtect Corp.*

**COMPLAINT FOR PATENT INFRINGEMENT - Page 19**