IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELECTRICPROTECT CORPORATION, § § *Plaintiff*, § § v. § § ZHONGSHAN KAPER ELECTRICAL § CO., LTD. and ZHONGSHAN § LIANCHANG CO., LTD., § § *Defendants*. § § | CIVIL ACTION NO. 2:24-CV-00547-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Ex Parte Motion for Leave to Effect Alternative Service (the "Motion") filed by Plaintiff ElectricProtect Corporation ("Plaintiff"). (Dkt. No. 10.) In the Motion Plaintiff seeks leave to effect alternative service on Defendants Zhongshan Kaper Electrical Co., Ltd. ("Zhongshan Kaper") and Zhongshan Lianchang Co., Ltd. ("Zhongshan Lianchang") (collectively, "Defendants") by serving (1) Defendants via the email addresses on Defendants' official websites and/or (2) Defendant Zhongshan Kaper via known outside counsel, who is in the United States. Having considered the Motion, the Court finds that it should be and hereby is **DENIED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

Plaintiff filed the above-captioned case on July 18, 2024, alleging that Defendants infringe four United States patents. (Dkt. No. 1.) Defendants are entities organized and existing in the People's Republic of China. (*Id.* ¶¶ 2, 3; Dkt. No. 10 at 1.) Plaintiff has attempted to notify and serve Defendants by emailing Defendants' email addresses from their websites, by emailing Zhongshan Kaper's U.S. counsel, by sending the complaint and summons to Zhongshan Kaper's

physical address in China through FedEx, and through the Texas Secretary of State. (Dkt. No. 10 at 1-2.) All of Plaintiff's attempts have been unavailing. (*Id.*)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021). To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f). *Id.* (quoting *Nuance Comm'ns,*

*Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.*

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-cv-00003-JRG, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that the plaintiffs had attempted service through the Hague Convention before seeking leave for alternative service). District courts are granted broad discretion in making such a determination. *OnePlus*, 2021 WL 4130643, at *3-4.

### III.  DISCUSSION

In its Motion, Plaintiff informs the Court that it has attempted to serve Defendants through multiple channels. (Dkt. No. 10 at 7.) Specifically, Plaintiff asserts it has attempted service "(1) by emailing the complaint to Defendants' official email addresses on their official websites along with a request to waive service . . .; (2) by emailing Zhongshan Kaper's US counsel requesting waiver of service . . .; and (3) by attempting to serve Defendants through the Texas Secretary of [State]." (*Id.*) Plaintiff also sent the summons and complaint to Zhongshan Kaper through FedEx to Zhongshan Kaper's physical address in China. (*Id.* at 2.) Plaintiff argues that due to "the delay, expense, [and] complications associated with service via the Hague Convention, prior attempts to effectuate service, and Defendants' refusal to accept service," the Court should exercise its discretion to allow Plaintiff to effect alternative service under Rule 4(f)(3). (*Id.* at 5-6.) Plaintiff asserts that service via the Hague Convention would take one to two years for defendants in China. (*Id.* at 6.)

While recognizing that the delay and expense imposed by the Hague Convention are inconvenient, this Court is reluctant to authorize alternative service under Rule 4(f)(3) where Plaintiff has made no showing that it has first attempted service under the Hague Convention, nor other "special circumstances" which would justify alternative service. *See In re OnePlus*, 2021 WL 4130643, at *3. As explained above, Rule 4(f)(3) was not meant to supplant conventional means of service when alternative service would be simpler, faster, or cheaper. Conventional service, by its nature, is sometimes inconvenient, but it is a foundational part of affording due process to those against whom a suit is brought.

Plaintiff cites an earlier opinion of this Court recognizing that the "multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3)." (Dkt. No. 10 at 6 (quoting *Stingray IP Sols. v. TP-Link Techs. Co.*, No. 2:21-cv-00045-JRG, 2021 WL 6773096, *3 (E.D. Tex. Nov. 19, 2021).) In that case, however, the Court emphasized that "the Court declines to find that any delay associated with service through the Hague Convention alone is sufficient to justify a grant of alternative service." *Id.* In that case, "[b]eyond delay and expense, the Court further [found] that Stingray's multiple attempts to effectuate service—combined with TP-Link Corp. and TP-Link Int'l's role in refusing to accept service by FedEx mail following this Court's authorization of such service under Rule 4(f)(2)(C)(ii)—also favors granting alternative service under Rule 4(f)(3)." *Id.* Stingray attempted to serve the entity organized under the laws of the People's Republic of China through its domestic subsidiary's principal place of business and its domestic subsidiary's registered agent for service of process. *Id.* at *1. The Court found that "[t]his is not a case where a plaintiff seeks alternative serve without first attempting to provide substantive notice through other means." *Id.* at *3.

Here, contrary to the plaintiff in *Stingray*, Plaintiff has not shown that the circumstance of this case allows for alternative service under Rule 4(f)(3). Plaintiff has not attempted to secure formal service on Defendants under the Hague Convention. Instead, Plaintiff's only attempts to serve Defendants are through alternative means. Courts express concern about allowing alternative service "based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service." *OnePlus*, 2021 WL 4130643, at *3; *see e.g.*, *MyChoice, LLC v. Taiv, Inc.*, No. 2:23-cv-00507-JRG-RSP, 2024 WL 69063, *2-3 (E.D. Tex. Jan. 4, 2024) ("The Court finds that delay alone does not demonstrate for this case that alternative service of process is warranted at this time.").

Accordingly, the Court, consistent with this district's practice, finds it should deny the Motion for failing to describe Plaintiff's efforts to serve Defendants through more conventional means, such as service under the Hague Convention, or identifying a special circumstance that justifies a departure from more conventional means. *E.g.*, *Network Sys. Techs., LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:22-cv-00481-JRG, Dkt. No. 32 (E.D. Tex. Apr. 6, 2023); *MyChoice*, 2024 WL 69063, at *3; *Blackbird Tech LLC v. Trivago N.V.*, No. 2:21-cv-00349-JRG-RSP, 2021 WL 6618489, at *2 (E.D. Tex. Dec. 16, 2021).

## IV.  CONCLUSION

The Court finds that Plaintiff's showing at present falls short of what is necessary to support the extraordinary remedy of alternative service. Accordingly, Plaintiff's Motion (Dkt. No. 10) is **DENIED WITHOUT PREJUDICE**. Plaintiff is granted leave to refile its Motion when it can show it has first attempted Hague service of process on Defendants but has been unduly delayed, or that other special circumstances exist which justify alternative service under Federal Rule of Civil Procedure 4(f)(3).

5

**So ORDERED and SIGNED this 3rd day of January, 2025.**

                                                RODNEY GILSTRAP
                                                UNITED STATES DISTRICT JUDGE